**Roy SICULAR, Plaintiff–Appellant,**

v.

**NYC DEPARTMENT OF HOMELESS SERVICES, Carrol David, Maria Rodriguez, and Raymond Ramos, Defendants–Appellees.**

No. 10–3420–cv.

United States Court of Appeals, Second Circuit.

Jan. 25, 2012.

Roy Sicular, Flushing, NY, pro se.

Jane Lori Gordon, New York City Law Department, New York, NY, for Defendants–Appellees.

PRESENT: ROBERT A. KATZMANN and GERARD E. LYNCH, Circuit Judges, and LEWIS A. KAPLAN, District Judge.*

***SUMMARY ORDER***

Appellant Roy Sicular, proceeding *pro se*, appeals the district court's grant of summary judgment, dismissing his employment discrimination complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003).

Upon such review, we conclude that Sicular's appeal is without merit substantially for the reasons articulated by the magistrate judge in his well-reasoned report and recommendation and by the district court in its well-reasoned decision.[1] *See Sicular v. N.Y.C. Dept. of Homeless Services*, No. 09–cv–981, 2010 WL 423013 (S.D.N.Y. Feb. 4, 2010) and 2010 WL 2179962 (May 28, 2010). Additionally, summary judgment did not deprive Sicular of his right to a jury trial or violate his due process rights, as there were no genuine issues of material fact to be tried. *See Abdu–Brisson v.*

---

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1. The magistrate judge erred in his recommendation by concluding that the defendants were entitled to the *Faragher/Ellerth* defense because that defense cannot be asserted where a "supervisor's harassment culminates in a tangible employment action, such as discharge." *Faragher v. City of Boca Raton*, 524 U.S. 775, 808, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). This error, however, is harmless because the magistrate judge correctly concluded that Sicular had otherwise failed to establish a hostile work environment claim.

*Delta Air Lines, Inc.,* 239 F.3d 456, 466 (2d Cir.2001) ("It is now beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases.").

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.